IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


SARA SUZANN OWEN,                                                    PLAINTIFF


vs.                              Civil No. 2:25-cv-02128


FRANK BISIGNANO,                                                    DEFENDANT
Commissioner, Social Security Administration


**<u>MEMORANDUM OPINION</u>**

Sara Owen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (ECF No. 5.)  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **<u>Background</u>**

Plaintiff filed her disability application on June 28, 2022.  (Tr. 17.)[1]  In her application,

Plaintiff alleged being disabled due to fibromyalgia, depression, anxiety, arthritis, irritable bowel

syndrome, bone spurs in lower back, arthritis, migraines, and hyperthyroid.  (Tr. 220.)  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF
No. 7.  These references are to the page number of the transcript itself not the ECF page number.

1

alleged an onset date of December 1, 2017. (Tr. 17.) Plaintiff's application was denied initially on October 25, 2022, and again upon reconsideration on January 16, 2024. *Id*.

Plaintiff requested an administrative hearing on her denied applications, and this request was granted. (Tr. 17.) An Administrative Law Judge ("ALJ") conducted the hearing on August 27, 2024. (Tr. 42-74.) At this hearing, Plaintiff was present and represented by Blake Ray. *Id*. Plaintiff and Vocational Expert ("VE"), Larry Seifert, both testified at the hearing. *Id*.

On October 7, 2024, the ALJ entered an unfavorable decision. (Tr. 17-29.) In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2017. (Tr. 19, Finding 1.) The ALJ also determined Plaintiff did not engage in substantial gainful activity between December 1, 2017, and her Date Last Insured (DLI) of December 31, 2017. (Tr. 19, Finding 2.) The ALJ found Plaintiff had the severe impairments of fibromyalgia, degenerative joint disease, chronic pain syndrome, adhesive capsulitis of the right shoulder, migraines, hypothyroidism, vitamin D deficiency, and obesity. (Tr. 19, Finding 3.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments through the DLI. (Tr. 21, Finding 4.)

Accordingly, the ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform light work, with the exception that she could

> Occasionally climb, balance, stoop, kneel, crouch, and crawl. She could occasionally reach and work overhead bilaterally and could frequently reach in all other directions. [Plaintiff] could frequently handle and finger bilaterally. She had to avoid concentrated exposure to temperature extremes, wetness, humidity, noise (meaning no jobs with a noise rating higher than three or moderate as defined in the Dictionary of Occupational Titles), vibration, and hazards (meaning no work at unprotected heights or around dangerous moving machinery and no driving as a part of work).

2

(Tr. 22.)  The ALJ also determined Plaintiff has no Past Relevant Work ("PRW").  (Tr. 27, Finding 6.)  Accordingly, the ALJ found that transferability of job skills is not an issue because Plaintiff does not have PRW.  (Tr. 28, Finding 9.)

Additionally, the ALJ determined that through the DLI, considering Plaintiff's age, education, work, experience, and RFC, jobs existed in significant numbers in the national economy, such as merchandise marker with approximately 125,000 jobs in the national economy, a shipping weigher with approximately 10,000 jobs in the national economy, and a sorter with approximately 45,000 jobs in the national economy.  (Tr. 28, Finding 10.)  Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act December 1, 2017— the alleged onset date—through December 31,2017—the DLI.  (Tr. 29, Finding 11.)

On October 16, 2025, Plaintiff filed the present appeal.  (ECF No. 2.)  Both parties filed appeal briefs.  (ECF Nos. 12, 13.)  This case is now ready for decision.

## 2.  <u>Applicable Law</u>

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome.  *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder

only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. Discussion

In her appeal brief, Plaintiff raised the following arguments: (1) the ALJ erred in determining her RFC, (2) the ALJ failed to properly consider a medical equivalent listing, and (3) the ALJ relied upon improper evidence and medical records. (ECF No. 12.) Defendant argues (1) the ALJ reasonably evaluated evidence during the relevant period, (2) concluded Plaintiff's impairments did not medically equal a listing, and (3) the ALJ reasonably relied on VE testimony. (ECF No. 13.)

### A. RFC Determination

In this matter, the ALJ determined Plaintiff had the RFC to perform light work. (Tr. 22-27.) Plaintiff argues the ALJ erred in this determination. (ECF No. 12, pgs. 6-9.) Substantial evidence, however, supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A);

5

*Cox*, 160 F.3d at 1206.  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.  The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter.  The mere fact Plaintiff suffered from several impairments does not demonstrate she had more limitations than those found in the RFC assessment.

Although Plaintiff claims the ALJ failed to rely on substantial evidence when determining her RFC—and subsequently resulted in a hypothetical provided to the VE with limitations less limiting than the testimony provided—the ALJ based his decision on substantial evidence.  This includes medical opinions from West Washington County Clinic, Dr. James S. Deneke, Dr. Regina E. Thurman, Dr. Ornette Gaines, Dr. Susan Ferguson, Dr. Darrin Campo, Dr. Martha Lauster, and Jordana Beutelschies, as well as Plaintiff's testimony and pain questionnaires answered by Plaintiff.  (Tr. 42-74, 76-82, 84-91, 230-238, 325-326, 361, 364, 368, 371, 375, 381, 385, 393,

6

413, 428, 432, 435, 440, 453-454, 512, 514, 516-517, 520, 521, 528-529, 530, 532-533, 534, 538, 542, 546, 548-549, 677-679.)

Substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, the ALJ's RFC determination is affirmed.

### B.  Medical Equivalent Listing

Plaintiff also claims the ALJ failed to find that her impairments medically equal a listed impairment based on a valid combination of conditions.  (ECF No. 12, pgs. 9-12.)  First, Plaintiff acknowledges she does not meet the requirements for assistive devices under listings 1.15 and 1.14.  (ECF No. 12, p. 10.)  Plaintiff also acknowledges the record does not reflect evidence that she meets the requirements for listings depression 12.04, anxiety 12.06, and trauma 12.15, but alleges she does in fact experience qualifying symptoms to meet these requirements.  *Id*.  Finally, Plaintiff acknowledges she does not meet the requirements for listings 2.02, 2.03, and 2.04 for visual acuity, but asserts that her vision impairment is severe nonetheless—noting her vision to have been diagnosed 20/400, rather than the listing's required diagnosis of 20/200.  *Id*.

To establish a claim of medical equivalence, a Plaintiff "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment."  *See Carlson v. Astrue*, 604 F.3d 589, 594 (8th Cir. 2010); *Schmitt v. Kijakazi*, 27 F.4th 1353, 1358 (8th Cir. 2022).  While Plaintiff bears the burden of proof to establish her impairment meets or is equal

7

to a medical listing, the adjudicator is responsible for the finding of medical equivalence. Social Security Ruling (SSR) 17-2p, 2017; *Schmitt*, 27 F.4th at 1358.

A finding of disability based on medical evidence at Step 3 must be supported by appropriate medical opinion evidence in the record. *See* Social Security Ruling (SSR) 17-2p, 2017. This support can come from a qualified medical or psychological consultant at the earlier adjudicative stages, from a medical expert involved at the hearing level (including testimony or written responses), or from medical staff associated with the Appeals Council. *Id*. Accordingly, the record must contain a professional medical assessment that affirmatively backs the conclusion that the claimant's condition is equivalent in severity to a listed impairment. *Id*.

In the present case, Plaintiff has failed to put forth what listing she may equal and has not provided any specific evidence regarding what listing she may equal. The burden of proof is on Plaintiff to indicate which listing medical findings are equal in severity and she has not provided the Court with any clear explanation beyond a list of impairments.

### C. **Improper Evidence**

Finally, Plaintiff asserts the ALJ erred by failing to consider the entire record, specifically medical opinions surrounding her mental health and treatments that are dated after Plaintiff was last insured. (ECF No. 12, pgs. 12-14.) Plaintiff does not challenge the ALJ's persuasiveness evaluation of the providers' findings but rather asserts that additional medical records dated years after the DLI should have been given greater weight in the decision.

This is not entirely accurate though, as the ALJ considered medical records from Jordana Beutelschies, D.C., on December 12, 2023, and determined the provider's statement was

not persuasive because it has been given too long after the relevant time period. The supportability and consistency of that opinion are not evaluated because Dr. Beutelschies did not begin to treat the claimant until July 18, 2023, which was about five and one-half years after the alleged disability onset date and date last insured.

(Tr. 27.)

The Eighth Circuit has established that the ALJ need not provide equivalent weight to medical records that are provided after the relevant time period if the ALJ finds the records not well supported and inconsistent with other substantial evidence or "are supported by better or more thorough medical evidence." *See Turpin v. Colvin*, 750 F.3d 789, (8th Cir. 2014); *Prosch v. Apfel*, 201 F.3d 1010, (8th Cir. 2000); *Rogers v. Chater*, 118 F.3d 600, (8th Cir. 1997).

Although Plaintiff lists examples of medical records dated after the DLI, the Court finds the ALJ permissibly did not consider this evidence. Here, there is no indication that the evidence from outside of the relevant period reflects Plaintiff's condition during the relevant period. Therefore, the Court finds the ALJ did not err in considering the record and based his findings upon substantial evidence.

### 4. <u>Conclusion</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of June 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

9